JAMES P. KERNOCHAN, Individually and as Executor, *et al.*, Respondents, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY *et al.*, Appellants.

*Court of Appeals, December* 1, 1891.

*Evidence.    Elevated railroad.*—In an action by an abutting owner against an elevated railroad company, the opinion of a witness as to what the value of plaintiff's premises would have been, if the defendant's road had not been built, is incompetent.

Appeal by the defendants from a judgment of the general term of the superior court of the city of New York, affirming a judgment for the plaintiffs, entered upon a decision after a trial of the issues at special term.

*G. Willett Van Nest,* for respondents.

*Davies & Rapallo,* with *J. C. Thomson,* for appellants.

POTTER, J.—It will not be necessary to consider all the questions sought to be raised upon this appeal, for we think a new trial must be ordered for the errors to be found in the record in relation to the evidence of value received by the learned trial court.

The question was, what was the rental value with and without the railroad in the years 1883 to 1884, 1885 to 1886, 1886 to 1887, and from that year to the year 1888. This was objected to upon the ground that it was incompetent, irrelevant and immaterial, and not within the issues in this action, and not a proper method of proof.

The objections were overruled, and the witnesses answered the question in both respects. The defendant excepted.

After answering that question, the case discloses that the witness proceeded to testify in relation to the selling value of this property with and without the road. He testified that the selling value of this property in 1879 was $22,000. The selling value of the property to-day (upon the day of the trial I suppose) is $35,000, and that the selling value at the last mentioned time, if there was no railroad there, would be $47,500.

It will be observed that the witness was not in terms asked what in his opinion was the rental value with and without the railroad, and it does not appear from the record whether the witness was asked any question in respect to the selling value of the property with or without the railroad, nor that there was any distinct renewal of the former objections made to this kind of evidence. All the testimony seems from the record to have been given by the witness in response to the question put to him as to the rental value, and that question was not in terms to obtain the opinion of the witness as to such value. But it is quite apparent that the court, counsel and witness understood that the question called for the opinion of the witness. This is shown from the nature of one branch of the inquiry, which was as to what would the rental value of the premises have been several years after the railroad was built, if it had not been built. The answer to this question in the condition of the case on trial at which it was asked seems to me to involve far more objectionable evidence than that which may be given by an expert; for, in order to be an expert, the witness

must have some knowledge or experience in relation to facts of the same or of a similar nature to those on which the opinion is to be based, and there is no pretence that this railroad has ever been removed, or has ceased to be operated for any length of time since it was constructed, and there is no suggestion that the witness had ever known or heard of a railroad of any kind that had been removed or its operation suspended at any time or at any place.

Hence his answer could not be that of an expert, who must have some knowledge of the effects from similar causes, and must be wholly speculative, or without the knowledge essential to constitute an expert.

The character of two of the objections that were made to the question, viz., that it was "incompetent and not a proper method of proof," in order to ascertain the damages, plainly indicate that the answer must be to an essential degree the opinion or speculation of the witness,

Moreover, the answer of the witness to a material part of the inquiry conclusively shows that he was giving opinion evidence, for he says: "In my opinion the rental value from May, 1882, to May, 1883, had there been no such elevated railroad in front of the property, would have been over $3,500.

The defendant's counsel, in addition to the objection made at the outset of the introduction of this species of evidence, made a motion at the close of it to strike it out upon the same grounds that the objections had been made, and specifically that such evidence "did not bear upon the proper measure of damages." The court denied the motion, and defendants duly excepted.

Immediately after the denial of the motion to strike out the evidence, the witness distinctly stated: "I form my opinion that the fee value of that property to-day is $47,000, if there were no railroad there, by taking the way that other property in other streets has advanced without the elevated railroad."

This is abundantly sufficient to bring the evidence of the witness within the rule of condemnation laid down in the recent decision of this court in Roberts *v.* The N. Y. El. R. R. Co., 40 St. Rep. 454, even if there was any serious doubts whether the evidence given by the witness in respect to the fee or selling value of the property without the railroad was objected to upon the same grounds.

In the Roberts case, *supra*, the court held these questions, viz.: "What do you estimate the rental value of the property to be, the railroad not being there?" and "That is, you think that the four houses fronting on Third avenue are worth $30,000 now, and that they would be worth $110,000 if the structure and railroad were not there" (that is, upon the street in front of the premises), to be improper and incompetent, and ordered the case to be sent back for a new trial by reason of such error. In support of such ruling Judge PECKHAM delivered a conclusive and exhaustive opinion, in which five of the seven members of the court concurred, and there is no occasion or room for any further discussion or elaboration upon that point.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

---

NOTE.

The opinion of expert witness as to value of the property in case the elevated railroad had not been built and operated, is incompetent. Roberts *v.* N. Y. E. R. Co., 128 N. Y. 455; McGean *v.* Man. R. Co., 117 Id. 219; Kenkele *v.* Same, 55 Hun, 398; Doyle *v.* Man. R. Co., 128 Id. 488; Gray *v.* Same, Id. 499; McGay *v.* Same, 40 N. Y. St. Rep. 668; Wallach *v.* Same, Id. 669; Delafield *v.* Same, Id. 670.